■ In the Matter of the Claim of YOLANDA ZACAMELSKI, Respondent, v. ROSCO MFG. Co. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— GREENBLOTT, J. Appeal from a decision of the Workmen's Compensation Board, filed March 7, 1969. Claimant suffered an injury in 1957 while operating a cutting machine whereby she lost parts of several fingers on her left hand. The board found that her loss represented a 90% loss of her left hand and scheduled an award accordingly. Upon recuperation, she was rehired by her former employer and was eventually reinstated to her former position. On September 14, 1960, she suffered a second industrial accident of the same nature as the first which resulted in a 95% loss of use of the right hand. There was medical evidence that the net effect of the combined injuries received in both accidents was to render the claimant totally and permanently disabled. The board found that the claimant was permanently totally disabled as a result of both accidents, each case being assessed 50% of the disability, with reimbursement from the Special Fund under the provisions of subdivision 8 of section 15 of the Workmen's Compensation Law. The carrier paid the compensation to the claimant for the first 104 weeks after the second accident, and thereafter sought reimbursement from the Special Fund. When the Special Fund refused to pay any more than the half allocated to the second injury, the carrier sought to have the case reopened. A board decision was

rendered March 7, 1969 which reaffirmed the earlier findings that each accident was equally responsible for the total permanent disability and determined that on that basis the carrier was entitled to reimbursement from Special Fund for only half of the compensation. Appellants contend that section 15 (subd. 8, par. [d]) of the Workmen's Compensation Law provides that it is entitled to full reimbursement of all compensation after having paid the first 104 weeks of compensation in full. The decision of the board is supported by the cases previously decided in this court and should be sustained. (*Matter of Sherman* v. *Holland Furnace Co.*, 2 A D 2d 911, affd. 3 N Y 2d 860; *Matter of Conklin* v. *Arden Farms Dairy Co.*, 2 A D 2d 910, affd. 3 N Y 2d 860; *Matter of Gessi* v. *Kennedy Valve Mfg. Co.*, 1 A D 2d 718.) In each of these cases we permitted the board to determine the percentage each accident contributed to the ultimate disability, and to charge the employer, rather than the Disability Fund, with that portion of the award attributed to the first accident. Decision affirmed, with costs to the Special Disability Fund. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Greenblott, J.